IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMAND |
| PINNACLE AMUSEMENTS, INC., | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Benjamin Henderson and other similarly situated African-American employees who were adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Pinnacle Amusements, Inc. ("Defendant") discriminated against Benjamin Henderson and other similarly situated African-American employees by subjecting them to racial harassment in the form of racial comments, slurs and jokes that created a racially hostile work environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Charlotte. Defendant specializes in amusement rentals, including slides, moon bouncers, and other inflatable products commonly rented for private parties and events.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant's two co-owners served as the only owners of Defendant and as the only corporate officers of Defendant, specifically serving as Defendant's President and Vice-President.

8. At all relevant times, Defendant's co-owner and Vice-President (hereafter "Owner/Vice-President") participated in the day to day operations of Defendant. Defendant's Owner/Vice-President was a supervisor with direct authority over Benjamin Henderson and other similarly situated African-American employees. Defendant's Owner/Vice-President had authority to hire, fire, and discipline Defendant's employees.

9. At all relevant times, therefore, Defendant's Owner/Vice-President was an alter ego of the Defendant and a supervisor with direct authority.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Benjamin Henderson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. From around April 27, 2000 until around December 10, 2004 and from at least October 2005 until at least April 11, 2006, Defendant engaged in unlawful employment practices at its business in Charlotte, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Henderson, a driver/warehouse worker for Defendant, to severe or pervasive racial comments and conduct based on his race, African-American, which created a racially hostile work environment. The racial comments were made by Defendant's Owner/Vice-President and included but were not limited to name-calling, such as "nigger," "black bastard," and "black motherfucker" directly to and around Henderson and other African-American employees. Defendant's Owner/Vice-President also told racial jokes, such as a joke about a "nigger" not wanting to be paid with five twenty dollar bills, instead of one hundred dollar bill. Defendant's Owner/Vice-President also accused African-American employees of stealing, such accusations being made because of their race, African-American. The racially hostile work environment that was created by Defendant's Owner/Vice-President existed from April 27, 2000 until around December 10, 2004, and from at least October 2005 until at least April 11, 2006. Henderson and other similarly situated African-American employees were subjected to a racially hostile work environment created by the racial comments, jokes, slurs and name calling by Defendant's Owner/Vice-President, which occurred on a daily basis.

12. The race-based comments, jokes, slurs and name calling were offensive to Henderson, and Henderson did not invite or otherwise welcome them. In fact, Henderson complained to Defendant's Owner/Vice President about the race-based comments repeatedly. In response to the complaints about the jokes, Defendant's Owner/Vice President would say he was "just joking." In response to the complaints about the racial comments and racial slurs, Defendant's Owner/Vice President responded to Henderson, things like "You're a tough guy. You can take it." Henderson also complained about the racial harassment to Defendant's co-owner who was also Defendant's President. No action was taken by Defendant to stop the racial harassment. Despite Henderson's complaints, the racially derogatory comments, slurs, jokes and name calling continued.

13. The effect of the unlawful employment practices complained of herein has been to deprive Henderson and other similarly situated employees of equal employment opportunities and otherwise adversely affect their status as an employee, because of their race, African-American.

14. The unlawful employment practices complained of herein were intentional.

15. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Benjamin Henderson and other similarly situated African-American employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from maintaining a racially hostile work environment or from engaging in any other employment

practice that discriminates on the basis of race or creates different terms and conditions of employment on the basis of race.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Benjamin Henderson and other similarly situated African-American employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein in amounts to be determined at trial.

D.	Order Defendant to make whole Benjamin Henderson and other similarly situated African-American employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E.	Order Defendant to pay Benjamin Henderson and other similarly situated African-American employees punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

F.	Grant such further relief as the Court deems necessary and proper in the public interest.

G.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 22d day of February, 2010.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Washington, DC 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

TINA BURNSIDE (WI Bar # 1026965)
Supervisory Trial Attorney

/s/ Nicholas G. Walter
NICHOLAS G. WALTER (NC Bar #31849)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: 704.954.6472
Facsimile: 704.954.6412
E-mail: nicholas.walter@eeoc.gov

ATTORNEYS FOR PLAINTIFF