IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3: 10-CV-00065 |
| PINNACLE AMUSEMENTS, INC., | ) ) | CONSENT DECREE |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged that Defendant, Pinnacle Amusements, Inc., violated Title VII by subjecting Mr. Benjamin Henderson to a hostile work environment because of his race, Black.

The Commission, and the Defendant, Pinnacle Amusements, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:  (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Mr. Henderson the total sum of One Thousand Dollars ($1,000.00) in settlement of the claims raised in this action. Payment shall be made within fifteen (15) days after the Court enters this Consent Decree, and Defendant shall mail the check to Benjamin Henderson at the address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery.

Within fifteen (30) days after the Court enters this Consent Decree, Defendant shall also transfer certain agreed upon personal property with an estimated valued of Two Thousand Nine Hundred and Seventy Five Dollars ($2975) to Benjamin Henderson pursuant to a Bill of Sale previously negotiated by the parties. Within ten (10) days after the delivery of the property, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a notice indicating that the property has been delivered and a copy of the fully executed Bill of Sale.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Mr. Henderson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2006-02382 (the "Charge") and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Should Defendant be contacted by any potential employer of Mr. Henderson for a reference, Defendant should provide a neutral reference listing or providing only Mr. Henderson's dates of employment. Defendant should not state anything and shall engage in no action or conversation regarding the facts and circumstances which led to the filing of the Charge and the subsequent lawsuit or of the facts and circumstances alleged by Defendant to justify Mr. Henderson's separation from employment with Defendant.

6. Within thirty (30) days of the entry of this decree by the Court, Defendant shall revise its current harassment policy (currently titled: "Equal Employment Opportunity"), to include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial harassment and racial discrimination; procedures for reporting discrimination; and procedures for investigating complaints of discrimination. Defendant shall distribute the revised policy to all current employees within 30 days. Within thirty (30) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall also distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of the policy

described in paragraph 6, *supra*, in its facility in Charlotte, North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Five (5) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against race discrimination, race harassment, and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this

provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals who complained of or reported any conduct the individual believed to be race discrimination and/or race harassment, or believed to be a violation of Defendant's racial harassment policy (referenced in paragraph 6 above), by identifying each individual's name, last known telephone number and address, social security number, and job title;

    B. the name of the individual who allegedly engaged in the racial conduct as well as a detailed description of the alleged racial conduct;

    C. a detailed description of what action, if any, Defendant took in response to the report/complaint;

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees, and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to

this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED.   Signed: June 1, 2011

Graham C. Mullen
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NW
Washington, D.C. 20507

s/Lynette A. Barnes_____
LYNETTE A. BARNES
Regional Attorney (NC Bar. No. 19732)

TINA BURNSIDE
Supervisory Trial Attorney

s/Nicholas G. Walter_____
NICHOLAS G. WALTER
Trial Attorney (NC Bar No. 31849)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
nicholas.walter@eeoc.gov
ATTORNEYS FOR PLAINTIFF

**-and-**

s/Michael F. Schultze_____
MICHAEL F. SCHULTZE
NC Bar. No. 12547
Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A.
7257 Pineville-Matthews Road, Suite 2100
Charlotte, NC 28226
Telephone: 704.442.1010
Facsimile:  704.442.1020
mschultze@cstpa.com
Attorneys for Defendant

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. 3:10-CV-00065 |
| Plaintiff, ) ) | |
| v. ) ) | **EMPLOYEE NOTICE** |
| PINNACLE AMUSEMENTS, INC., ) ) | |
| Defendant. ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Pinnacle Amusements, Inc. in a case of discrimination based on race. Specifically, the EEOC alleged that Pinnacle Amusements, Inc. discriminated against Benjamin Henderson by subjecting him to a racially hostile work environment because of his race, black, in violation of Title VII of the Civil Rights Act of 1964.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Pinnacle Amusements, Inc. will comply with such federal laws in all respects. Furthermore, Pinnacle Amusements, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least **two (2) year** by agreement with the EEOC. DO NOT REMOVE THIS NOTICE UNTIL: June \_\_\_\_, 20**13.**

**EXHIBIT A**